UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 07-48 |
| ) | |
| WILLIAM F. POYNTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Defendant William F. Poynter, who is proceeding *pro se*, has filed a motion and various supplemental motions for a new trial pursuant to Federal Rule of Criminal Procedure 33. Defendant has also filed a separate motion to correct alleged inaccuracies in transcripts of his trial and a subsequent hearing, and several other procedural motions regarding his receipt of trial transcripts and his legal representation. For the reasons explained below, defendant's motions will be **DENIED**.

**I.   BACKGROUND**

On March 1, 2007, defendant William Poynter was charged with one count of Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h). Two alleged co-conspirators, James Franklin "Frank" Smith and Christopher Cook, were also charged. On December 12, 2007, a jury returned a verdict of

guilty against Mr. Poynter.[1]  On April 2, 2008, prior to sentencing, defendant requested and received the assistance of a new court-appointed attorney.

On September 12, 2008, defendant, through counsel, filed a motion for a new trial, citing ineffective assistance of trial counsel.  Defendant subsequently filed several lengthy *pro se* supplements to his motion for a new trial.  In those supplemental motions, defendant made many arguments, including that he was entitled to a reversal of his conviction and a new trial because prosecutors engaged in misconduct and presented false evidence.  Defendant also argued that his alleged co-conspirator, Frank Smith, should not have been permitted to avoid testifying in Poynter's trial by exercising his Fifth

---

[1] Mr. Poynter filed a Notice of Appeal to the D.C. Circuit on January 29, 2008.  His appeal was subsequently stayed by the Circuit until after he was sentenced.  In the appeal, he is represented by Assistant Federal Public Defender Lisa B. Wright.  Ms. Wright filed an appellate brief on June 7, 2012, advancing defendant's ineffective assistance claims.  Shortly thereafter, defendant sought to represent himself, and filed a motion to terminate his counsel, which the Circuit Court denied, finding that an appellant in a direct criminal appeal does not have a constitutional right to self-representation.  Case No. 08-3006, August 15, 2012 Order (D.C. Cir.).  In this case, on June 11, 2012, defendant filed a *pro se* "Second Request for Removal of Court Appointed Counsel and Demand to Represent Myself."  ECF No. 162.  In the motion, defendant states that he has not been able to file an appeal because he has counsel, and the Circuit Court allegedly will not accept his filings.  He requests "back-up counsel" for the purposes of assisting him with "addressing court room protocol."  This motion appears to have been filed in error in this Court, since defendant has been permitted to file *pro se* pleadings and the Court is ruling upon them. Accordingly, the motion for self-representation will be **DENIED** as moot.

Amendment rights. On November 6, 2008, the Court held a hearing on defendant's motions for a new trial and heard testimony from several witnesses. The Court subsequently denied defendant's motions. On February 13, 2009, defendant was sentenced to 108 months incarceration and 24 months of supervised release.

After defendant was sentenced, he continued filing various requests for relief from this Court. On April 6, 2009, defendant filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255, followed by a *pro se* motion to reduce his sentence filed on June 16, 2009. Several months later, defendant filed a request to withdraw all of his pending *pro se* motions and "any motion which may have been characterized as a motion under Section 2255." ECF No. 141.

On December 7, 2010, defendant filed the first of many motions for a new trial under Federal Rule of Criminal Procedure 33. Those motions are the subject of this Memorandum Opinion. In his first motion, defendant argues that his conviction was obtained through the prosecution's tampering with evidence, perjury by various witnesses, and improper jury instructions given by the Court. *See* ECF No. 144. On December 17, 2010, defendant filed a *pro se* "Motion for Reversal of Conviction or a New Trial" that was substantially similar to his December 7 filing and which appeared to only contain minor edits. ECF No. 146. Pursuant to the Court's Order, the government responded to

defendant's motions on June 17, 2011. ECF No. 154. In its response, the government argued that defendant's motions should be characterized as arising under 28 U.S.C. § 2255, rather than Federal Rule of Criminal Procedure 33, because they did not concern any newly-discovered evidence and merely sought to challenge the validity of defendant's conviction.

On June 22, 2011, defendant filed a *pro se* "addendum" to his Rule 33 motion. ECF No. 155.[2] In that motion, he argues that the government fabricated evidence during his trial to create "an illusion of criminal conduct." He also contends that prosecutors accused him of making statements under oath that he never actually made, then conspired to change the trial transcripts in order to conceal their wrongdoing. On August 15, 2011, defendant filed a *pro se* reply in further support of his Rule 33 motion. ECF No. 157. In the reply, he rejects the government's argument that the motion should be converted into a Section 2255 motion, and argues that there are various categories of newly-discovered evidence that require a reversal of his conviction.[3]

---

[2] Although several of defendant's motions were filed after the government responded to defendant's motion for a new trial, defendant's subsequent filings raise no new issues that are material to the outcome of the Rule 33 motion. *See, e.g.*, ECF No. 159; ECF No. 160.

[3] Because the Court is satisfied that defendant has made clear his intent not to bring these claims as part of a Section 2255 motion, both in his voluntary withdrawal of his previously-filed

4

On December 8, 2011, defendant filed another *pro se* motion seeking reversal of his conviction on the grounds of "prosecutorial misconduct." ECF No. 159. Defendant argues again that prosecutors fabricated evidence, including statements made by the defendant while on the stand. On March 9, 2012, defendant filed a *pro se* addendum to his December 8, 2011 Motion for Reversal of Conviction. ECF No. 160. Defendant argues again that prosecutors knowingly solicited perjured testimony from trial witnesses.

In addition to his various Rule 33 motions and supplemental briefs, defendant also filed a *pro se* "Motion to Settle Record – Inaccuracies in Transcript" on September 14, 2012. ECF No. 164. Defendant lists several parts of his trial transcript that he claims contain errors and requests that the Court correct them. The motion merely repeats defendant's prior arguments that testimony was fabricated. On October 3, 2012, the government filed an opposition to defendant's motion to settle inaccuracies in the transcripts. ECF No. 166. The government argues that defendant's motion should be denied for two reasons: 1) because defendant filed a *pro se* motion even though he is represented by counsel; and 2) because defendant has proffered no evidence in

---

Section 2255 motion and his reply to the government's opposition to his motions for a new trial, the Court will not convert these Rule 33 motions into Section 2255 motions. *Cf. United States v. Palmer*, 296 F.3d 1135 (D.C. Cir. 2002).

support of his argument that the transcript is inaccurate, and defendant therefore cannot overcome the presumption that official court transcripts are accurate.

Despite the many documents that have been filed, there are essentially only two motions pending before the Court.[4] The first is defendant's motion for reversal of the verdict or for a new trial under Rule 33. ECF Nos. 144, 146, 155, 159, 160. Defendant also seeks to settle alleged inaccuracies in the record. ECF No. 164. The Court will address these categories in turn.

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 33 permits "a court [to] vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The Rule does not define 'interests of justice' and the courts have had little success in trying to generalize its meaning." *United States v. Cabrera*, 734 F. Supp. 2d 66, 87 (D.D.C. 2010) (*quoting United States v. Kuzniar*, 881 F.2d 466 (7th Cir. 1989)). "Nevertheless, courts have interpreted the rule to require a new

---

[4] Defendant also filed several motions requesting copies of various transcripts. See ECF No. 148, 158. He has since, however, stated that he received the transcripts he requested, see ECF No. 161, and the Court will therefore **DENY** those motions as moot. In view of today's ruling, the Court will also **DENY** as moot defendant's March 21, 2012 "Motion to Compel the Court to Make Rulings." See ECF No. 161.

6

trial 'in the interests of justice' in a variety of situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *Id.* A defendant has a heavy burden under Fed. R. Crim. P. 33(a). "[T]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand . . . . This power should be exercised with caution, and is invoked only in those exceptional cases in which the evidence weighs heavily against the verdict." *United States v. Howard*, 245 F. Supp. 2d 24, 30 (D.D.C. 2003) (*quoting United States v. Edmonds*, 765 F. Supp. 1112, 1118 (D.D.C. 1991)). "[A] new trial should be granted only if the defendant has shown that the error was substantial, not harmless, and that the error affected the defendant's substantial rights." *United States v. Williams*, 825 F. Supp. 2d 128, 132 (D.D.C. 2011) (internal quotations omitted). "An error affecting 'substantial rights' must have a 'substantial and injurious effect or influence in determining the . . . verdict.'" *United States v. Lawson*, 494 F.3d 1046, 1053 (D.C. Cir. 2007) (*quoting United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004)).

Since defendant's motion was not filed within 14 days of the verdict, the only ground upon which he can seek a new trial is the existence of "newly discovered evidence." *See* Fed. R. Crim. P. 33. In order to be considered newly-discovered, the

evidence must have been in existence at the time of trial, United States v. *Lafayette,* 983 F.2d 1102, 1105 (D.C. Cir. 1993), and "discovered since the trial." *United States v. Ortiz,* 136 F.3d 161, 168 (D.C. Cir. 1998). *See also United States v. Dale,* 991 F.2d 819, 839 (D.C. Cir. 1993) (emphasizing that because the evidence must have been discovered since trial, the "post-trial testimony of a co-conspirator who refused to testify at trial" would not be considered newly discovered); *United States v. Howard,* 267 F. Supp. 2d 1, 4 (D.D.C. 2003) (finding that information revealed to the defendant several years earlier "cannot be characterized as 'newly discovered' "). Defendant must also establish that (1) the party seeking the new trial showed diligence in the attempt to procure the newly discovered evidence; (2) the evidence relied on must not be merely cumulative or impeaching; (3) it must be material to the issues involved; and (4) [it must be] of such nature that in a new trial it would probably produce an acquittal. *United States v. Johnson,* 519 F.3d 478, 487 (D.C. Cir. 2008) (quoting *United States v. Lafayette,* 983 F.2d 1102, 1105 (D.C. Cir. 1993)) (brackets in original).

## III. DISCUSSION

The Court notes at the outset that much of what defendant alleges to be "newly-discovered" evidence is based on defendant's post-trial examination of the trial transcripts.

8

Because defendant and his counsel were present at the trial, nothing in the transcript of the trial could properly be considered "newly-discovered." *See, e.g., Johnson*, 519 F.3d at 487 (newly-discovered evidence must be discovered after the trial). To the extent that the defendant is seeking to challenge his counsel's failure to address certain issues during trial, those claims would relate to defendant's ineffective assistance of counsel claim, which this Court denied and which is currently being appealed.

### A. Allegedly Withheld Evidence

Defendant argues that the government altered recorded evidence and withheld exculpatory recorded evidence in their presentations during trial. *See, e.g.*, ECF No. 155 at 12. Specifically, defendant argues that a recorded conversation between defendant and Jerome Thomas lacked a critical segment when played in Court. See, e.g., ECF No. 144 at 4; ECF No. 146 at 7. Defendant contends that earlier in the recording, he indicated his consent to record the conversation, but that this information was excluded from what was presented in Court. Defendant believes that this earlier statement in the recording would make the later statements seem less criminal in nature. Defendant states that he did not learn about the exclusion of evidence until "he received the trial transcripts . . . and read the details of a conference he had been excluded from." ECF No.

9

144 at 4. Unfortunately for defendant, this evidence, which consists of defendant's *own* statements in a recording made prior to trial, is not in any way "newly-discovered." *See Howard*, 267 F. Supp. 2d at 4. Moreover, to the extent that the excluded excerpt was discussed during a bench conference at trial, defendant's counsel was also expressly made aware of the excluded portion if she had not been aware of it before. Accordingly, this evidence cannot be the basis for a new trial.

### B. Allegedly False Evidence

Defendant also alleges that a new trial is warranted because the government knowingly presented false evidence during his trial. A defendant is entitled to a new trial if he proves that there is a reasonable likelihood that evidence admitted at trial and known by the government to be false could have affected the jury verdict. *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *United States v. Price*, 357 F. Supp. 2d 63, 69 (D.D.C. 2004). To prevail on this claim, defendant must show that (1) the evidence was actually false; (2) the prosecution knew or should have known that the testimony was false; and (3) the false testimony was material. *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003), *cert. denied*, 540 U.S. 1208 (2004); *Shasteen v. Saver*, 252 F.3d 929, 933 (7th Cir. 2001).

Defendant argues that Jerome Thomas falsely testified that a recording was made in the fall of 2005 when it was actually

made in March 2006. ECF No. 144 at 7.  In support of this argument, defendant also offers an affidavit from a woman named Maria Perez, a former employee of defendant's, to establish that the call could not have occurred when Thomas said it did. Defendant argues that these factors reveal that Thomas was dishonest about material points in his testimony.  ECF No. 144 at 7.  As a threshold matter, this evidence is not "newly-discovered" because it could have been obtained prior to trial. *See, e.g.*, *Dale*, 991 F.2d at 839.  Furthermore, this evidence does not conclusively establish that Thomas testified falsely in Court.  Rather, if it had been presented at trial, it merely would have cast doubt on Thomas's testimony.[5]  Even if defendant is correct that Thomas testified falsely in Court, however, defendant has failed to establish either that the government knew the testimony was false or that the testimony was material to defendant's conviction.  Defendant's conclusory allegations about the government's knowledge of falsity are therefore insufficient to warrant a new trial.

Defendant also challenges testimony relating to Frank Smith, a co-defendant who was not a witness at trial but who

---

[5] Though the Court does not reach the question of whether the affidavit would have been admissible at trial, the Court notes that the affidavit appears to have been executed under somewhat questionable circumstances.  Specifically, it is a form that begins with a plea to the affiant for help because "Will is in legal trouble."  ECF No. 159-1 at 34.

11

testified at an evidentiary hearing in November 2008, subsequent to the trial.  During trial, a witness named Phillip Robinson testified that Frank Smith told Robinson that Smith worked for the defendant.  Defendant states that after trial, at the November 2008 hearing on defendant's first motion for a new trial, Frank Smith testified that he had never told Robinson that he worked for the defendant.[6]  ECF No. 144 at 7.  Defendant contends that this testimony establishes that Robinson's testimony was false.  Defendant also argues that the testimony was known to be false by prosecutors.  He argues that if Frank Smith's testimony had been presented at trial, it "would likely have affected the verdict and resulted in an acquittal."  ECF No. 144 at 8.  As to this issue, defendant again fails to set forth anything other than his conclusory allegations that the government knowingly presented false testimony.  Defendant has also failed to establish that any such alleged false testimony was material to the outcome of his trial.  Accordingly, his request for a new trial also fails on this ground.  *See, e.g., Price*, 357 F. Supp. 2d at 69.

### C. Alleged Fabrication of Official Transcripts

Defendant also makes several arguments regarding false trial transcripts and hearing transcripts, and argues that the

---

[6] As part of his motion to correct the transcripts, defendant contends that this allegedly favorable testimony is erroneously missing from the transcript of that hearing.

prosecution and the Court conspired to cover up evidence of their wrongdoing by omitting or altering testimony that was favorable to the defendant.[7] Even if plaintiff's allegation of fabrication were to be true, however, it would be wholly irrelevant to plaintiff's claim for a new trial based on newly-discovered evidence. The jury's verdict was based on the *live* testimony at trial and not the written transcript. The jury would not have known that the allegedly false testimony they heard in court was transcribed incorrectly. Likewise, plaintiff's challenge to the November 6, 2008 transcript of Frank Smith's testimony would also fail because the Court issued an oral ruling at the close of the hearing that day, prior to the issuance of the transcript.

In any event, defendant has failed to meet his burden of establishing that the transcripts are incorrect. "The transcript . . . shall be deemed prima facie a correct statement

---

[7] For example, defendant argues that the government manipulated trial transcripts that indicate that defendant stated in Court that it was his first time in court. The government argued that this statement "opened the door" to evidence of defendant's prior convictions and the Court allowed the government to ask defendant about them. Defendant now argues that he did not say it was his first time in court. Defendant contends that what he said was that his back hurt because he was not used to sitting in a chair for such a long time. Defendant argues that the government tampered with the trial transcripts to make them appear to show that he said it was his first time in court. *See, e.g.*, ECF No. 144 at 3; ECF No. 146 at 4. Defendant also argues that evidence was wrongfully omitted from Frank Smith's testimony in the November 6, 2008 hearing transcript.
page number

of the testimony taken and the proceedings had." 28 U.S.C. § 753. Unsubstantiated assertions that the record is wrong are not sufficient to overcome this statutory presumption. *See Veillon v. Exploration Servs.*, 876 F.2d 1197, 1201 (5th Cir. 1989); *United States v. Riggs*, No. 10-cr-02, 2012 WL 10287, at *1 (W.D. Va. Jan. 3, 2012). Other than conclusory statements regarding the omission of favorable testimony, plaintiff has failed to overcome the statutory presumption. Moreover, the Court finds that with respect to the December 10, 2007 trial testimony, the context of the testimony strongly suggests that defendant did indeed say that it was his "first time in court." *See* Dec. 10, 2007 Tr. at 135-36. The Court is further persuaded by the government's own representation that the transcripts for both the December 10, 2007 trial date and the November 6, 2008 hearing accurately reflect the testimony taken on those days. *See* ECF No. 166 at 5. Accordingly, defendant's motion to alter the transcripts is denied.

To the extent not expressly discussed herein, defendant's other claims of prosecutorial misconduct, including that "federal agents bribed Frank Smith and later Chris Cook and prepared false reports," ECF No. 144 at 6, are hereby deemed insufficient to warrant a new trial.[8] Furthermore, defendant's

---

[8] Defendant also makes a number of arguments regarding his counsel's inexperience and ineffective assistance. *See, e.g.*,

14

claim that the Court gave an improper jury instruction, ECF No. 144 at 4, is not properly raised in a Rule 33 motion for a new trial based on "newly-discovered evidence."

**IV. CONCLUSION**

For all of the foregoing reasons, [144] "Motion for reversal of verdict or a new trial under Rule 33," [146] "Motion for a Reversal of Conviction or New Trial," [148] "Motion for District Court to Provide an Unmodified Discovery Package and Verbatim Transcripts for the Named Proceedings," [155] "Addendum to the Defendant's Motion Requesting a Reversal of Verdict or a New Trial Based on Newly Discovered Evidence in Compliance with Rule 33," [158] "Motion for the District Court to provide the Defendant with an Unmodified Discovery Package and Verbatim Transcripts for the Named Proceedings," [159] "Motion for Reversal of Conviction Based on Prosecutorial Misconduct," [160] "Addendum to My Motion for Reversal of Conviction Based on Prosecutorial Misconduct and Violation of Rule 52(b) for the Use of Plain Error," [161] "Motion to Compel the Court to Make Rulings on Outstanding Defense Motions," [162] "Second Request for the Removal of Court Appointed Counsel and Demand to Represent Myself," and [164] "Motion to Settle Record

---

ECF No. 155 at 13. The Court will not address these arguments, as it has already denied defendant's ineffective assistance claim and that ruling is currently on appeal.

Inaccuracies in Transcript" are hereby **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

    Signed:    **Emmet G. Sullivan**
                     **United States District Judge**
                     **December 7, 2012**